IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | CRIMINAL NO. 17-43 |
| | ) | |
| | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| vs. | ) | |
| | ) | |
| **SIDNEY PACK,** | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM OPINION

Pending before the court is a motion for relief (ECF No. 72) filed by defendant Sidney Pack ("Pack"). In the motion, Pack argues that his arrest on February 21, 2017, before the deputy clerk of court filed an arrest warrant, is illegal. Pack did not specify the relief he is seeking. The government filed a response in opposition to the motion on December 20, 2019 (ECF No. 79) and the motion is ripe for disposition.

The docket reflects that on February 21, 2017, a federal grand jury returned an indictment charging Pack with possession with intent to distribute a quantity of fentanyl and possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 1). The charges stem from a search of Pack's person incident to his arrest on December 31, 2016. On December 12, 2019, the court issued an opinion and order denying Pack's motion to suppress evidence in this case.

The docket reflects that on February 21, 2017, a United States magistrate judge granted the government's motion for an arrest warrant and "ORDERED that an Arrest Warrant shall issue for the apprehension of defendant SIDNEY PACK." (ECF No. 4). Pack contends, without dispute, that he was taken into custody on February 21, 2017. The docket reflects that the arrest warrant was issued and filed on the court's electronic filing system ("CM/ECF") on February 22, 2017.

The government makes three alternative arguments in response to Pack's motion: (1) that the magistrate judge's order provided authority for federal agents to take Pack into federal custody; (2) that the issuance of an indictment by the grand jury provided authority for federal agents to make a warrantless arrest of Pack; and (3) the appropriate remedy would be suppression of any evidence wrongfully obtained. The government points out that no evidence was obtained by law enforcement on February 21, 2017, because Pack was simply removed from the Allegheny County Jail (where he was already a prisoner) and brought to federal court.

The government is correct that, in the pending criminal case, the only available remedy would be suppression of any illegally obtained evidence.[1] As the Supreme Court explained: "Insofar as respondent challenges his own presence at trial, he cannot claim immunity from prosecution simply because his appearance in court was precipitated by an unlawful arrest. An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980).

In sum, even assuming the arrest prior to issuance of the warrant was improper, Pack's motion for relief must be denied.

An appropriate order follows.

BY THE COURT:

/s/ Joy Flowers Conti
Judge Joy Flowers Conti
Senior United States District Judge

---

[1] The court expresses no opinion on the potential viability of a separate civil § 1983 claim.